UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRENDA FITAK,

    Plaintiff,　　　　　　　　　　　File No.
　　　　　　　　　　　　　　　　　　　　　Hon.
vs.

NORTHWOOD UNIVERSITY,

    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com
_____/

**COMPLAINT, DEMAND FOR TRIAL BY JURY**
**AND DEMAND FOR PRETRIAL CONFERENCE**

NOW COMES, Plaintiff, BRENDA FITAK, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against the Defendant, NORTHWOOD UNIVERSITY, stating as follows:

**COMMON ALLEGATIONS**

1.    That Plaintiff is a resident of the County of Midland, State of Michigan.

1

2. That the Defendant is a university that does business in the County of Midland, State of Michigan.

3. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of costs, interest and attorney fees.

4. That this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12112

5. That Plaintiff began work with the Defendant on or about February 14, 2005.

6. At all times relevant herein, Plaintiff's position with Defendant was that of student employment and private donor scholarship coordinator.

7. At all times relevant herein, Plaintiff's supervisor was Mark Martin, Defendant's Director of Financial Aid.

8. That throughout her tenure with the Defendant she did perform in a satisfactory manner.

9. During the course of Plaintiff's employment, Mark Martin became aware of the fact that Plaintiff suffers from Posttraumatic Stress Disorder (PTSD).

10. On November 18, 2015, the Plaintiff received a performance evaluation which identified PTSD as an area of improvement Mr. Martin expected from Plaintiff.

11. Plaintiff's PTSD is an on-going condition.

12. By the summer of 2016, the Plaintiff was obtaining therapy for her PTSD.

13. In the fall 2016, Plaintiff had asked Mark Martin if she could leave early and flex her schedule so that she could participate in mentorship through Girls on the Run, a non-profit organization that assists middle school aged girls.

14. Mr. Martin refused to permit Plaintiff to leave early.

15. In doing so, Mr. Martin stated that it would be better for Plaintiff to continue her therapy for her PTSD and Defendant was not in a flex schedule period.

16. However, a week or so later, Plaintiff received an email indicating that another employee was flexing her schedule for the next six (6) weeks.

17. During her November 2016 Performance evaluation, Mr. Martin again brought up Plaintiff's PTSD.

18. On December 6, 2016, Plaintiff informed Defendant's Human Resource Manager of the fact that Mr. Martin was unreasonably fixated upon Plaintiff's PTSD condition in Plaintiff's last two performance evaluations as well as during her earlier request to participate in the mentorship through Girls on the Run which he had denied based upon her PTSD. Nothing was done by Defendant to correct the improper statements and actions taken by Mr. Martin based upon Plaintiff's PTSD.

19. Indeed, Mr. Martin was unreasonably fixated on Plaintiff's PTSD condition during the course of her employment.

20. The Plaintiff subsequently requested and obtained Family Medical Leave due to a qualifying medical condition.

21. The Plaintiff then began taking FMLA leaves of absences.

22. Upon Plaintiff's return from one of her leaves of absences, the Plaintiff was terminated.

23. The letter of termination states, "The violation involved providing a student unauthorized access to the Financial Aid database system by you. The student employee indicated you had logged into the Colleague system and then allowed her to perform maintenance access under your login. After a thorough investigation by Human Resources followed by you admitting you logged into Colleague and allowed the student employee by using your credentials, we are hereby notifying you that the level of this AUP violation warrants immediate separation of employment."

24. Contrary to Defendant's assertions, the Plaintiff's conduct was not improper and thus the reason given by the Defendant is pretextual in nature to unlawful discrimination and unlawful retaliation.

25. That Defendant's actions constitute a violation of the American with Disabilities Act.

26. That Defendant's actions constitute a violation of Michigan's Persons with Disabilities Civil Rights Act.

27. That Defendant's actions constitute unlawful retaliation in violation of the Family Medical Leave Act.

## COUNT I - VIOLATIONS OF THE ADA

28. The Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 27 of her Common Allegations, word for word, and paragraph by paragraph as if restated herein.

29. That Defendant herein, did violate the ADA, which provides three avenues for establishing the existence of a disability "(A) the physical or mental impairment that substantially limits one or more major life activities of such individual (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102 (1).

30. It is respectfully submitted that Plaintiff's PTSD is a physical or mental impairment that substantially limits one or more major life activities of such individual; however, Plaintiff was able to perform the essential functions of her job with or without accommodations.

31. In the alternative, the Plaintiff was regarded as a having a disability.

32. A "regarded as" disability claim, "includes the circumstance where the employer mistakenly believes that an actual, non-limiting impairment substantially

limits one or more major life activity." <u>Young v. United Parcel Serv. Inc.</u>, 707 F. 3D 437 (January 9, 2013).

33. In the alternative, the Defendant did regard Plaintiff as having a mental disability or physical disability and same can be noted by the Defendant's, "reactions in perception of the employer's decision makers herein." *Id.* 444.

34. That Plaintiff's discharge was the result of unlawful discrimination.

35. That pursuant to the Americans with Disabilities Act, Plaintiff hereby makes claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

   a. Any wages, salary, employee benefits or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the ADA;

   b. The interest on said wages, salary, employee benefits and other compensation at the prevailing rate;

   c. An additional amount as liquidated damages or other types of damages as allowed by the ADA equal to the above two sums or greater therein.

   d. Reasonable attorney fees, reasonable expert witness fees, and all other costs of the litigation if any; and

   e. Any such equitable relief as may be appropriate.

## **COUNT II - VIOLATIONS OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

36. The Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 27 of her Common Allegations, and paragraphs 28 through 35 of Count I

word for word, and paragraph by paragraph as if restated herein.

37. That Defendant herein, did violate Michigan's Persons with Disabilities Civil Rights Act which prohibits discrimination based upon a physical or mental impairment that substantially limits one or more major life activities of such individual and prohibits discrimination based upon being regarded as having such an impairment.

38. It is respectfully submitted that Plaintiff's PTSD is a physical or mental impairment that substantially limits one or more major life activities of such individual; however, Plaintiff was able to perform the essential functions of her job with or without accommodations.

39. In the alternative, the Plaintiff was regarded as a having a disability.

40. A "regarded as" disability claim includes the circumstance where the employer mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activity.

41. The Defendant did regard Plaintiff as having a mental disability or physical disability and same can be noted by the Defendant's, "reactions in perception of the employer's decision makers herein.

42. That Plaintiff's discharge was the result of unlawful discrimination.

7

43. That pursuant to Michigan's Persons with Disabilities Civil Rights Act, Plaintiff hereby makes claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    f. Any wages, salary, employee benefits or other compensation denied or lost to Plaintiff by reason of Defendant's violations of Michigan's Civil Rights Statute;

    g. The interest on said wages, salary, employee benefits and other compensation at the prevailing rate;

    h. Plaintiff's emotional distress damages.

    i. Reasonable attorney fees, reasonable expert witness fees, and all other costs of the litigation if any; and

    j. Any such equitable relief as may be appropriate.

## COUNT III - VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

44. The Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 27 of her Common Allegations, and paragraphs 28 through 35 of Count I and paragraphs 36 through 43 of Count II word for word, and paragraph by paragraph as if restated herein.

45. That Congress enacted the Family and Medical Leave Act, finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).

46. That the FMLA entitles eligible employees to take up to twelve (12)

weeks of leave during a twelve (12) month period if the employee has a serious health condition that prevents the employee from performing the functions of her job. *Hunter v. Valley View Local Schs.*, 579 F.3d 688, 690 (6th Cir. 2009); 29 U.S.C. § 2612(a)(1)(A).

47. That at all times material hereto, Defendant was a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

48. That Defendant's actions constitute interference in violation of the Family and Medical Leave Act.

49. That Defendant's actions also do constitute retaliation under the act, and Defendant did create bogus and pretextual reasons to terminate the Plaintiff when in reality they were terminating her as a result of her decision to take Family Medical Leave and Defendant's belief that Plaintiff's medical condition would continue into the future and interfere with her ability to do her job.

50. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    (a) Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;

    (b) The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

  (c) An additional amount as liquidated damages equal to the above two sums;

  (d) Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

  (e) Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest and attorney fees along with any other legal or equitable relief this Court deems just.

           Respectfully submitted,

          THE MASTROMARCO FIRM

Dated: November 8, 2017    By: <u>Victor J. Mastromarco, Jr.</u>
          Victor J. Mastromarco, Jr. (P34564)
          Attorneys for Plaintiff
          1024 N. Michigan Ave.
          Saginaw, Michigan 48602
          (989) 752-1414
          vmastromar@aol.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, BRENDA FITAK, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                                                  Respectfully submitted,

                                                  THE MASTROMARCO FIRM

Dated: November 8, 2017          By: <u>Victor  J. Mastromarco, Jr.</u>
                                                  Victor J. Mastromarco, Jr.  (P34564)
                                                  Attorneys for Plaintiff
                                                  1024 N. Michigan Ave.
                                                  Saginaw, Michigan  48602
                                                  (989) 752-1414
                                                  vmastromar@aol.com

## **DEMAND FOR PRETRIAL CONFERENCE**

NOW COMES Plaintiff, BRENDA FITAK, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a pretrial unless otherwise expressly waived.

                                    Respectfully submitted,

                                    THE MASTROMARCO FIRM

Dated: November 8, 2017        By: <u>Victor  J. Mastromarco, Jr.</u>
                                    Victor J. Mastromarco, Jr.  (P34564)
                                    Attorneys for Plaintiff
                                    1024 N. Michigan Ave.
                                    Saginaw, Michigan  48602
                                    (989) 752-1414
                                    vmastromar@aol.com