## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BRENDA FITAK,

        Plaintiff,                  Case No. 17-cv-13642

v.                                Hon. Thomas L. Ludington
                                    Magistrate Judge Patricia T. Morris

NORTHWOOD UNIVERSITY,

        Defendant.

| | |
|---|---|
| The Mastromarco Firm | Marlo J. Roebuck (P65640) |
| Victor J. Mastromarco, Jr. (P34564) | Daniel C. Waslawski (P78037) |
| Attorneys for Plaintiff | Jackson Lewis P.C. |
| 1024 N. Michigan Avenue | Attorneys for Defendant |
| Saginaw, MI 48602 | 2000 Town Center, Ste. 1650 |
| (989) 752-1414 | Southfield, MI 48075 |
| vmastromar@aol.com | (248) 936-1900 (ofc) |
| | (248) 936-1901 (fax) |
| | roebuckm@jacksonlewis.com |
| | Daniel.Waslawski@jacksonlewis.com |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND RESPONSE TO, AND CONDITIONAL RELIANCE ON, JURY DEMAND

Defendant Northwood University (hereinafter "Defendant"), by and through its attorneys, submits the following as its Answer and Affirmative Defenses to Plaintiff's Complaint.

## COMMON ALLEGATIONS

1

1.     That Plaintiff is a resident of the County of Midland, State of Michigan.

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 1 because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

2.     That the Defendant is a university that does business in the County of Midland, State of Michigan.

**ANSWER:**

**Defendant admits the allegations in Paragraph 2.**

3.     That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of costs, interest and attorney fees.

**ANSWER:**

**Defendant admits only that Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of costs, interest, and attorney fees. In further response, Defendant denies any allegation or inference that it is liable to Plaintiff for any legally cognizable damages in any amount whatsoever or that Plaintiff is entitled to any relief as a matter of fact and law.**

4.     That this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12112.

**ANSWER:**

**Defendant admits only that Plaintiff has pled jurisdiction pursuant to the aforementioned statutes, but leaves Plaintiff to her proofs. Answering**

**further, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

5.     That Plaintiff began work with the Defendant on or about February 14, 2005.

**ANSWER:**

    **Defendant admits the allegations in Paragraph 5.**

6.     At all times relevant herein, Plaintiff's position with Defendant was that of student employment and private donor scholarship coordinator.

**ANSWER:**

    **Defendant admits only that Plaintiff held the job title of Student Employment/Private Donor Scholarship Coordinator beginning on or about September 1, 2007 and through the end of her employment with Defendant. Defendant denies any allegation or inference that is inconsistent with the foregoing.**

7.     At all times relevant herein, Plaintiff's supervisor was Mark Martin, Defendant's Director of Financial Aid.

**ANSWER:**

    **Defendant neither admits nor denies the unduly vague allegations in Paragraph 7 because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs. In further response, Defendant admits only that Mark Martin, Defendant's Financial Aid Systems Director and Michigan Campus Financial Aid Director, began working in Defendant's Financial Aid Department during or about August 2011 and served as Plaintiff's supervisor**

3

at various times during her employment with Defendant.  Defendant denies any allegation or inference inconsistent with the foregoing.

8.     That throughout her tenure with the Defendant she did perform in a satisfactory manner.

**ANSWER:**

**Defendant denies the allegations in Paragraph 8.**

9.     During the course of Plaintiffs employment, Mark Martin became aware of the fact that Plaintiff suffers from Posttraumatic Stress Disorder (PTSD).

**ANSWER:**

**Defendant admits only that Plaintiff represented to Mark Martin that she suffered from PTSD.  Defendant denies that Mark Martin became aware of whether Plaintiff actually suffered from PTSD.  Defendant denies any allegation or inference inconsistent with the foregoing.**

10.     On November 18, 2015, the Plaintiff received a performance evaluation which identified PTSD as an area of improvement Mr. Martin expected from Plaintiff.

**ANSWER:**

**Defendant admits only that Plaintiff received a performance evaluation dated November 18, 2015.  To the extent that this paragraph references said performance review, the performance review is the best evidence of its contents.  Northwood denies that the performance evaluation identified PTSD "as an area of improvement Mr. Martin expected from Plaintiff" and denies any allegation or inference that is inconsistent with the foregoing or the contents of the performance evaluation.**

11.     Plaintiffs PTSD is an on-going condition.

**ANSWER:**

**Defendant neither admits nor denies the unduly vague allegations in Paragraph 11 because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

12.    By the summer of 2016, the Plaintiff was obtaining therapy for her

PTSD.

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 12 because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

13.    In the fall 2016, Plaintiff had asked Mark Martin if she could leave

early and flex her schedule so that she could participate in mentorship through

Girls on the Run, a non-profit organization that assists middle school aged girls.

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 13 because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.   In further response, Defendant avers that Plaintiff requested regularly scheduled time off from work to volunteer at a non-university sanctioned event.  Defendant denies any allegation or inference inconsistent with the foregoing.**

14.    Mr. Martin refused to permit Plaintiff to leave early.

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 14 because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.  In further response, Defendant avers that in response to Plaintiff's request for regularly scheduled time off from work to volunteer at a non-university sanctioned event, Plaintiff was advised that such volunteer work should be conducted outside of her scheduled work hours.  Defendant denies any allegation or inference inconsistent with the foregoing.**

15.    In doing so, Mr. Martin stated that it would be better for Plaintiff to continue her therapy for her PTSD and Defendant was not in a flex schedule period.

**ANSWER:**

**Defendant denies the allegations in Paragraph 15.**

16.    However, a week or so later, Plaintiff received an email indicating that another employee was flexing her schedule for the next six (6) weeks.

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 16 because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

17.    During her November 2016 Performance evaluation, Mr. Martin again brought up Plaintiff's PTSD.

**ANSWER:**

**Defendant denies the allegations in Paragraph 17.**

18.    On December 6, 2016, Plaintiff informed Defendant's Human Resource Manager of the fact that Mr. Martin was unreasonably fixated upon Plaintiffs PTSD condition in Plaintiff's last two performance evaluations as well as during her earlier request to participate in the mentorship through Girls on the Run which he had denied based upon her PTSD. Nothing was done by Defendant to correct the improper statements and actions taken by Mr. Martin based upon Plaintiff's PTSD.

**ANSWER:**

**Defendant denies the allegations in Paragraph 18.**

19.    Indeed, Mr. Martin was unreasonably fixated on Plaintiff's PTSD condition during the course of her employment.

**ANSWER:**

**Defendant denies the allegations in Paragraph 19.**

20.    The Plaintiff subsequently requested and obtained Family Medical Leave due to a qualifying medical condition.

**ANSWER:**

**Defendant admits only that Plaintiff requested to take leave under the Family and Medical Leave Act ("FMLA") from April 28, 2017 to May 8, 2017 and that Defendant approved her for said leave.  Defendant denies any allegation or inference inconsistent with the foregoing.**

21.    The Plaintiff then began taking FMLA leaves of absences.

**ANSWER:**

7

**Defendant admits only that Plaintiff took leave under the Family and Medical Leave Act ("FMLA") from April 28, 2017 to May 8, 2017.  Defendant denies any allegation or inference inconsistent with the foregoing.**

22.   Upon Plaintiff's return from one of her leaves of absences, the Plaintiff was terminated.

**ANSWER:**

**Defendant admits only that Plaintiff's employment was terminated on May 18, 2017 after she provided a student employee unauthorized access to Defendant's Financial Aid database as set forth in greater detail in Plaintiff's letter of termination.**

23.   The letter of termination states, "The violation involved providing a student unauthorized access to the Financial Aid database system by you. The student employee indicated you had logged into the Colleague system and then allowed her to perform maintenance access under your login. After a thorough investigation by Human Resources followed by you admitting you logged into Colleague and allowed the student employee [sic] by using your credentials, we are hereby notifying you that the level of this AUP violation warrants immediate separation of employment."

**ANSWER:**

**Defendant admits only that Plaintiff was advised of her termination in a letter of termination dated May 18, 2017.  To the extent that this paragraph references said letter, the letter is the best evidence of its contents.  Northwood denies that paragraph 23 of Plaintiff's Complaint sets forth the complete text of the termination letter or accurately quotes the termination letter, and denies any allegation or inference that is inconsistent with the foregoing or the**

8

**contents of the termination letter.**

24.     Contrary to Defendant's assertions, the Plaintiff's conduct was not improper and thus the reason given by the Defendant is pretextual in nature to unlawful discrimination and unlawful retaliation.

**ANSWER:**

   **Defendant denies the allegations in Paragraph 24.**

25.     That Defendant's actions constitute a violation of the American with Disabilities Act.

**ANSWER:**

   **Defendant denies the allegations in Paragraph 25.**

26.     That Defendant's actions constitution a violation of Michigan's Persons with Disabilities Civil Rights Act.

**ANSWER:**

   **Defendant denies the allegations in Paragraph 26.**

27.     That Defendant's actions constitute unlawful retaliation in violation of the Family Medical Leave Act.

**ANSWER:**

   **Defendant denies the allegations in Paragraph 27.**

<u>**COUNT I - VIOLATIONS OF THE ADA**</u>

28.     The Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 27 of her Common Allegations, word for word, and paragraph by paragraph as if restated herein.

**ANSWER:**

**Defendant incorporates by reference its answers to each allegation contained in Paragraphs 1 through 27 as if fully set forth herein.**

29.     That Defendant herein, did violate the ADA, which provides three avenues for establishing the existence of a disability "(A) the physical or mental impairment that substantially limits one or more major life activities of such individual (B) a record of such an impairment; or (C) being regarded as having such an impairment" 42 U.S.C. §12102 (1).

**ANSWER:**

**Defendant denies the allegations in Paragraph 29.**

30.     It is respectfully submitted that Plaintiff's PTSD is a physical or mental impairment that substantially limits one or more major life activities of such individual; however, Plaintiff was able to perform the essential functions of her job with or without accommodations.

**ANSWER:**

**Defendant neither admits nor denies whether Plaintiff's "PTSD is a physical or mental impairment that substantially limits one or more major life activities" because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs. Defendant denies that Plaintiff met its legitimate expectations**

**and, thus, denies that she was able to perform the essential functions of her job with or without accommodation.**

31.    In the alternative, the Plaintiff was regarded as a having a disability.

**ANSWER:**

**Defendant denies the allegations in Paragraph 31.**

32.    A "regarded as" disability claim, "includes the circumstance where the employer mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activity."  Young v. United Parcel Serv. Inc., 707 F. 3D 437 (January 9, 2013).

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 32 because they state legal conclusions to which no responses are required and because the cited case speaks for itself. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

33.    In the alternative, the Defendant did regard Plaintiff as having a mental disability or physical disability and same can be noted by the Defendant's, "reactions in perception of the employer's decision makers herein." *Id*. 444.

**ANSWER:**

**Defendant denies the allegations in Paragraph 33.**

34.    That Plaintiff's discharge was the result of unlawful discrimination.

**ANSWER:**

**Defendant denies the allegations in Paragraph 34.**

35.     That pursuant to the Americans with Disabilities Act, Plaintiff hereby makes claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    a.  Any wages, salary, employee benefits or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the ADA;

    b.  The interest on said wages, salary, employee benefits and other compensation at the prevailing rate;

    c.  An additional amount as liquidated damages or other types of damages as allowed by the ADA equal to the above two sums or greater therein.

    d.  Reasonable attorney fees, reasonable expert witness fees, and all other costs of the litigation if any; and

    e.  Any such equitable relief as may be appropriate.

**ANSWER:**

**Defendant admits only that Plaintiff "makes claim" for various types of monetary and equitable remedies, entitlement to which is expressly denied. In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

## COUNT II - VIOLATIONS OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

36.     The Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 27 of her Common Allegations, and paragraphs 28 through 35 of Count I word for word, and paragraph by paragraph as if restated herein.

**ANSWER:**

**Defendant incorporates by reference its answers to each allegation contained in Paragraphs 1 through 35 as if fully set forth herein.**

37.     That Defendant herein, did violate Michigan's Persons with Disabilities Civil Rights Act which prohibits discrimination based upon a physical or mental impairment that substantially limits one or more major life activities of such individual and prohibits discrimination based upon being regarded as having such an impairment.

**ANSWER:**

**Defendant denies the allegations in Paragraph 37.**

38.     It is respectfully submitted that Plaintiff's PTSD is a physical or mental impairment that substantially limits one or more major life activities of such individual; however, Plaintiff was able to perform the essential functions of her job with or without accommodations.

**ANSWER:**

**Defendant neither admits nor denies whether Plaintiff's "PTSD is a physical or mental impairment that substantially limits one or more major life activities" because it lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.  Defendant denies that Plaintiff met its legitimate expectations and, thus, denies that she was able to perform the essential functions of her job with or without accommodation.**

39.     In the alternative, the Plaintiff was regarded as a having a disability.

**ANSWER:**

**Defendant denies the allegations in Paragraph 39.**

40.    A "regarded as" disability claim includes the circumstance where the employer mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activity.

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 40 because they state legal conclusions to which no responses are required. To the extent a response is required, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

41.    The Defendant did regard Plaintiff as having a mental disability or physical disability and same can, be noted by the Defendant's, "reactions in perception of the employer's decision makers herein.

**ANSWER:**

**Defendant denies the allegations in Paragraph 41.**

42.    That Plaintiff's discharge was the result of unlawful discrimination.

**ANSWER:**

**Defendant denies the allegations in Paragraph 42.**

43.    That pursuant to Michigan's Persons with Disabilities Civil Rights Act, Plaintiff hereby makes claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

   f.   [sic] Any wages, salary, employee benefits or other compensation
        denied or lost to. Plaintiff by reason of Defendant's violations of
        Michigan's Civil Rights Statute;

14

g.  [sic] The interest on said wages, salary, employee benefits and other compensation at the prevailing rate;

h.   [sic] Plaintiff's emotional distress damages.

i.  [sic] Reasonable attorney fees, reasonable expert witness fees, and all other costs of the litigation if any; and

j.  [sic] Any such equitable relief as may be appropriate.

**ANSWER:**

**Defendant admits only that Plaintiff "makes claim" for various types of monetary and equitable remedies, entitlement to which is expressly denied.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

**COUNT III - VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT**

44.   The Plaintiff hereby incorporates, by reference hereto, paragraphs I through 27 of her Common Allegations, and paragraphs 28 through 35 of Count I and paragraphs 36 through. 43 of Count II word for word, and paragraph by paragraph as if restated herein.

**ANSWER:**

**Defendant incorporates by reference its answers to each allegation contained in Paragraphs 1 through 43 as if fully set forth herein.**

45.   That Congress enacted the Family and Medical Leave Act, finding that "there is inadequate job security for employees who have serious health

conditions that prevent them from working for temporary periods." 29 U,S.C. 2601(a)(4).

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 45 because the cited statute speaks for itself and because it lacks information or knowledge sufficient to form a belief as to the truth or falsity of same and, therefore, leaves Plaintiff to her proofs.**

46.    That the FMLA entitles eligible employees to take up to twelve (12) weeks of leave during a twelve (12) month period if the employee has a serious health condition that prevents the employee from performing the functions of her job. *Hunter v. Valley View Local Schs.*, 579 F.3d 688, 690 (6th Cir. 2009); 29 U.S.C. § 2612 (a)(1)(A).

**ANSWER:**

**Defendant neither admits nor denies the allegations in Paragraph 46 because they state legal conclusions to which no responses are required and because the cited case and statute speak for themselves. To the extent a response is required, Defendant denies any allegation or inference that it treated Plaintiff unlawfully under the FMLA.**

47.    That at all times material hereto, Defendant was a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

**ANSWER:**

**Defendant admits only that it employed Plaintiff.  Defendant neither admits nor denies the allegations in paragraph 47 because they state a legal**

**conclusion to which no response is required.  To the extent a response is required, Defendant denies any allegation or inference that it treated Plaintiff unlawfully under the FMLA.**

48.    That Defendant's actions constitute interference in violation of the Family and Medical Leave Act.

**ANSWER:**

**Defendant denies the allegations in Paragraph 48.**

49.    That Defendant's actions also do constitute retaliation under the act, and Defendant did create bogus and pretextual reasons to terminate the Plaintiff when in reality they were terminating her as a result of her decision to take Family Medical Leave and Defendant's belief that Plaintiff's medical condition would continue into the future and interfere with her ability to do her job.

**ANSWER:**

**Defendant denies the allegations in Paragraph 49.**

50.    That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

(a)    Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;

(b)    The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

(c)     An additional amount as liquidated damages equal to the above two sums;

(d)     Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

(e)     Any such equitable relief as may be appropriate.

**ANSWER:**

**Defendant admits only that Plaintiff "makes claim" for various types of monetary and equitable remedies, entitlement to which is expressly denied.  In further response, Defendant denies any allegation or inference that it violated any laws with respect to Plaintiff or is liable to Plaintiff in any amount whatsoever.**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest and attorney fees along with any other legal or equitable relief this Court deems just.

**ANSWER:**

**Defendant respectfully requests that this Court deny Plaintiff the relief requested, dismiss this Complaint in its entirety with prejudice, and award Defendant its costs and attorneys' fees incurred in defending this action, plus any other relief, legal or equitable, this Court deems appropriate.**

## GENERAL DENIAL

Except as expressly admitted herein, Defendant expressly denies any and all allegations in Plaintiff's Complaint, which require a responsive pleading.

## RESPONSE TO, AND CONDITIONAL RELIANCE ON, JURY DEMAND

18

Defendant denies that Plaintiff has any right to a jury trial, as she previously waived any right to a jury trial of any claims arising out of her employment pursuant to her signed "Notification of Appointment" form dated June 22, 2016. To the extent that Plaintiff's jury demand is not ultimately struck from her Complaint, Defendant hereby relies upon the demand for trial by jury filed by Plaintiff in the above-captioned action and demands a trial by jury on each and every claim asserted by Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant submits the following as its affirmative and other defenses to the allegations contained in Plaintiff's Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted:

1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted.

2.     All or part of Plaintiff's claims may be barred by her failure to exhaust her internal and external administrative remedies or file administrative charges, and her failure to otherwise meet the applicable jurisdictional requirements.

3.     All or part of Plaintiff's claims may be barred by the applicable statutory or contractual limitations periods.

4.      All or part of Plaintiff's claims may be barred by the doctrines of equitable, collateral, and/or judicial estoppel.

5.      Plaintiff was not qualified for the position at issue.

6.      Any actions taken by Defendant in connection with Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons that were unrelated to any protected class or activity.

7.      Upon information and belief, Plaintiff's claims for monetary damages or other monetary remedies are barred because she failed to mitigate or to adequately mitigate her damages.

8.      Any claim for relief must be set off or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits and benefits received by Plaintiff.

9.      Plaintiff's claims are barred, in whole or in part, because she is not an otherwise qualified individual with a disability as defined by the ADA or PWDCRA.

10.      Some or all of Plaintiff's claims are barred because she failed to provide proper and/or timely notice of a need for leave under the FMLA.

11.      Plaintiff received all leave under the FMLA to which she was entitled.

12.      Plaintiff's claims for physical, mental or emotional damages and lost wages, in whole or in part, may be barred by the exclusive remedy provision of the

Michigan Worker's Disability Compensation Act, MCL 418.101, *et seq.*

13.     Plaintiff failed to propose a reasonable accommodation or otherwise engage in the interactive process.

14.     No reasonable accommodation was required because it would have constituted an undue hardship on Defendant's business operations.

15.     Defendant denies that it has committed or has responsibility for any act that could support the recovery of liquidated or punitive damages; and avers that it acted in good faith and had reasonable grounds for believing its actions were not a violation of law.

16.     To the extent discovery may disclose such information, Plaintiff's Complaint, and each alleged cause of action therein, may be barred in whole or in part by the doctrine of after-acquired evidence, or such doctrine may limit or eliminate Plaintiff's alleged damages, or otherwise preclude her claims.

17.     Plaintiff waived any right to a jury trial of her claims.

Defendant reserves the right to assert additional affirmative or other defenses as they become known through the course of discovery.

## **RELIEF REQUESTED**

Defendant respectfully requests that this Court deny Plaintiff the relief requested, dismiss her Complaint in its entirety with prejudice, and, instead, award

Defendant its costs and attorneys' fees in defending this action, plus any other relief, legal or equitable, this Court deems appropriate.

Respectfully submitted by,
JACKSON LEWIS P.C.

By:  /s/Daniel C. Waslawski
Marlo J. Roebuck (P65640)
Daniel C. Waslawski (P78037)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
roebuckm@jacksonelewis.com
daniel.waslawski@jacksonlewis.com

Dated:  January 22, 2018

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties/attorneys in the above cause at their respective addresses disclosed on the pleadings on January 22, 2018 by:

☐ Hand Delivery        ☐ U. S. Mail and Email
☐ Overnight Delivery   ☐ FAX
x ECF (E-filing)

/s/Daniel C. Waslawski
DANIEL C. WASLAWSKI